IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM WRIGHT,
*Petitioner*,

    v.

UNITED STATES OF AMERICA
*Respondent.*

Crim. No. ELH-06-0447
(Related Civil No. ELH-15-2267)

**MEMORANDUM OPINION**

This Memorandum Opinion resolves a Motion to Vacate, Set Aside, or Correct Sentence,

filed under 28 U.S.C. § 2255 by William Wright, the self-represented petitioner. ECF 32

("Petition"). As discussed, *infra*, no hearing is necessary to resolve the matter.

**I.  Factual Background**

Wright was indicted in October 2006. ECF 1. The case was assigned to Judge William

D. Quarles, Jr.[1] On December 19, 2006, Wright entered a plea of guilty to the charge of being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Docket.[2] Prior to

sentencing, the United States Probation Office completed a presentence report ("PSR"). ECF

39.[3] According to ¶ 21 of the PSR, Wright qualified as an Armed Career Criminal, pursuant to

U.S.S.G. § 4B1.4. *See also* the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

That determination was based on the fact that Wright had three prior and distinct serious drug

---

[1] Judge Quarles retired in February 2016. The case was reassigned to me on August 6, 2015, due to the then impending retirement of Judge Quarles. *See* Docket.

[2] The Plea Agreement was not docketed.

[3] The presentence report was not docketed but a copy was in Judge Quarles's office file. I recently filed it under seal. *See* ECF 39.

convictions. *See also* ECF 39, ¶ 45.[4]  Based on this finding, Wright's final adjusted offense level was 30 and his criminal history category was VI, resulting in an adjusted sentencing guideline range of 180 to 210 months.  ECF 39, ¶ 46; U.S.S.G. § 5G1.1.

On March 7, 2007, Judge Quarles sentenced Wright to 180 months incarceration, the mandatory minimum sentence pursuant to the ACCA, followed by five years of supervised release.  *See* ECF 18.  Judgment was entered on March 8, 2007.  *Id.*  Wright did not note an appeal to the Fourth Circuit.  *See* Docket.

Over eight years later, on August 3, 2015, Wright filed a motion to vacate under 28 U.S.C. § 2255.  ECF 32.  In light of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), Wright contends that he was improperly designated as an Armed Career Criminal.  ECF 32 at 4; *id.* at 15.  In particular, he complains that a charge of "possession of cocaine" unconstitutionally served as the predicate offense for his classification as an Armed Career Criminal.  *Id.* at 15. Wright also asserts a claim of ineffective assistance of counsel.  In this regard, he contends that his attorney failed to file an appeal despite being asked repeatedly to do so.  Further, Wright maintains that his attorney failed to object to the erroneous classification of Wright as an Armed Career Criminal.  *Id.* at 4.

On August 7, 2015, the Court directed the government to respond to Wright's Petition. ECF 33.  Subsequently, on October 22, 2015, Wright's Petition was stayed, pursuant to Standing Order No. 2015-01.  ECF 34.  On September 22, 2016, the government submitted a response in opposition to the Petition.  ECF 37 ("Opposition").  In its Opposition, the government asked the Court to lift the stay and deny Wright's Petition.  *Id.* at 2.   The government argued that the

---

[4] An offender is an armed career criminal and subject to a mandatory minimum sentence of fifteen years if he violates 18 U.S.C. § 922(g) and "has three previous convictions...for a violent felony or a serious drug offense, or both, committed on occasions different from one another...." 18 U.S.C. § 924(e); *see also* U.S.S.G. § 4B1.4.

ineffective assistance of counsel claims are time-barred and that the *Johnson* claim is not meritorious. ECF 37.

Although Petitioner was granted 21 days from the date of the government's response to file a reply (*see* ECF 33), he did not do so. However, on March 24, 2017, Wright filed a "Motion for Judicial Opinion and Appointment of Counsel." ECF 38 ("Motion to Appoint Counsel").

For the reasons that follow, I shall lift the stay, deny the Motion to Appoint Counsel (ECF 38), and deny the Petition. ECF 32. A certificate of appealability shall not issue.

## II. Discussion

### A.

Section 2255(a) of Title 28 of the United States Code provides relief to prisoners in federal custody. Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence," but only on certain grounds: "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." *See also United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Collateral attack is not a substitute for direct appeal; failure to raise certain issues on direct appeal may render them procedurally defaulted on post-conviction review. *United States v. Frady*, 456 U.S. 152, 165 (1982); *accord Bousely v. United States*, 523 U.S. 614, 630 (1998). In other words, as a general rule, a petitioner who fails to raise a claim on direct appeal is barred from raising the claim on collateral review. *Sanchez–Llamas v. Oregon*, 548 U.S. 331, 350–51

(2006). However, this bar generally does not apply to claims pertaining to ineffective assistance of counsel. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 503–04 (2003).

The scope of review of non-constitutional error is more limited than that of constitutional error. A non-constitutional error provides a basis for collateral attack only when it involves "a fundamental defect which inherently results in a complete miscarriage of justice" or is "inconsistent with the rudimentary demands of fair procedure." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *see Newbold*, 791 F.3d at 459.

"[A] mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "received a punishment that the law cannot impose upon him." *Newbold*, 791 F.3d at 460 (citation omitted).

Under 28 U.S.C. § 2255(b), the post-conviction court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief...." *See, e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Courts have determined that a hearing is not necessary where "the motion...fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225–26 (1st Cir. 1993). On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue." *United States v. Robertson*, 219

Fed. App'x. 286, 286 (4th Cir. 2007) (per curiam); *see also United States v. Ray*, 547 Fed. App'x. 343, 345 (4th Cir. 2013) (per curiam).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 Fed. Appx. 332, 334 (4th Cir. 2013) (per curiam) (same). Nevertheless, I am satisfied that no hearing is necessary to resolve Wright's claims. *See* Local Rule 105.6.

As to Wright's request for appointment of counsel (ECF 38), it is well established that there is no Sixth Amendment right to counsel in collateral proceedings. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may appoint counsel for a *pro se* litigant seeking Section 2255 relief if the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required."

Upon careful consideration of the filings by petitioner, I am satisfied that Wright has demonstrated the wherewithal to articulate the legal and factual basis of his claims. The issues pending before the court are not unduly complicated and no evidentiary hearing is necessary in this matter. Accordingly, I shall deny the Motion to Appoint Counsel (ECF 38).

**B.**

As noted, Wright claims that he received ineffective assistance of counsel. ECF 32. He also asserts that, in light of *Johnson*, 135 S. Ct. 2551, he was improperly designated as an Armed Career Criminal. ECF 32.

In *Johnson*, which was decided on June 26, 2015, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), ruling that the definition of a "violent felony" was unconstitutionally vague. 135 S. Ct. at 2555–57. The Court determined that the residual clause "did not articulate clearly how to evaluate the risks of injury posed by a crime, depriving defendants of fair notice regarding their potential sentence and inviting 'arbitrary enforcement by judges.'" *United States v. Winston*, 850 F.3d 667, 680 (4th Cir. Mar. 13, 2017) (explaining and quoting *Johnson*, 135 S. Ct. at 2557). The Supreme Court has also recognized that *Johnson* announced a new substantive rule of constitutional law, which applies retroactively on collateral review. *Welch v. United States*, ____ U.S. ____, 136 S. Ct. 1257, 1264-65 (2016).

Under the provisions of 28 U.S.C. § 2255(f), a one-year limitation period applies to petitions under § 2255, which runs from the latest of:

    (1)   the date on which the judgment of conviction becomes final;

    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Timeliness under § 2255(f) is assessed on a "claim-by-claim basis." *Capozzi v. United States,* 768 F.3d 32, 33 (1st Cir. 2014) (per curiam) (collecting cases from the Third, Sixth, Ninth, Tenth, and Eleventh Circuits), *cert denied*, 135 S. Ct. 1476 (2015); *see Zach v. Tucker*, 704 F.3d 917, 924-25 (11th Cir. 2013) (en banc) (explaining that a petitioner may not use a single, timely claim to revive time-barred claims), *cert denied*, 134 S. Ct. 156 (2013); *Hannigan v. United States*, 131 F. Supp. 3d 480 (E.D.N.C. 2015), *appeal dismissed*, 638 Fed. App'x 234 (4th Cir. 2016) (per curiam), *cert. denied*, 137 S. Ct. 404 (2016); *see also Mayle v. Felix,* 545 U.S. 644, 662 (2005); *Pace v. DiGuglielmo,* 544 U.S. 408, 416 n. 6 (2005).

As indicated, the Supreme Court decided *Johnson* on June 26, 2015. *See* 135 S. Ct. 2551. Thus, the deadline for § 2255 petitions filed under *Johnson* was June 26, 2016. *See* 28 U.S.C. § 2255(f)(3). Wright's Petition was filed on August 3, 2015. The government acknowledges that Wright's *Johnson* claim is timely.

I reach a different result as to the claim of ineffective assistance of counsel.

Judgment was entered in this case on May 8, 2007. *See* ECF 18. The deadline for Wright to file a Notice of Appeal expired fourteen days after entry of the Judgment. Fed. R. App. P. 4(b)(1)(A). Therefore, the deadline for noting an appeal was May 22, 2007. No appeal was filed. Upon expiration of the time for filing a Notice of Appeal, Wright's conviction became final and the limitations period set forth at 28 U.S.C. § 2255(f)(1) began to run. *United States v. Clay*, 537 U.S. 522 (2003); *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001). *See* 28 U.S.C. § 2255(f)(1). Limitations expired on or about May 22, 2008. However, Wright did not file his Petition until August 3, 2015. *See* ECF 32. Therefore, his claim for ineffective assistance of counsel is time-barred, unless there is a ground for equitable tolling.

Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also United States v. Oriakhi*, 394 Fed. App'x. 976, 977 (4th Cir. 2010) (per curiam). However, the doctrine is meant to apply only where there are "extraordinary circumstances." *Holland v. Florida*, 560 U.S. 631, 634 (2010).

For relief under a theory of equitable tolling, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). But, only "'reasonable diligence'" is required. *Holland*, 560 U.S. at 653 (citation omitted). There is no requirement for "maximum feasible diligence." (Citations and internal quotations omitted).

Ordinarily, a claim such as ineffective assistance of counsel does not warrant equitable tolling. *See Holland*, 560 U.S. at 651-51; *Harris*, 209 F.3d at 328, 331 (denying equitable tolling where attorney conceded that he gave petitioner "erroneous" advice regarding the deadline for filing his habeas petition). Nor is a petitioner's lack of familiarity with the law considered an extraordinary circumstance warranting equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255). Rather, "the one year limitation period is ... subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the

party.'" *Hill*, 277 F.3d at 704 (quoting *Harris*, 209 F.3d at 330). Generally, there must be evidence of some wrongful conduct by respondent that contributed to the delay in filing or evidence that circumstances beyond the petitioner's control caused the delay, such that "gross injustice would result" in the absence of equitable tolling. *Harris*, 209 F. 3d at 330.

*Holland*, 560 U.S. 631, is instructive as to equitable tolling in the context of post-conviction matters. Holland was a death-row inmate who filed a § 2244 federal habeas petition five weeks after the limitations period had passed. *Id.* at 639. The limitations clock on Holland's § 2244 petition had been suspended while Holland's attorney pursued post-conviction relief in state court. *Id.* at 636. While the state-court petition was pending, communications between Holland and his attorney broke down entirely. *Id.* Nevertheless, Holland wrote letters reminding his attorney of the importance of timely filing his § 2244 petition upon resolution of his state-court petition. *Id.* at 637-38. Holland also performed legal research and provided his attorney with the relevant limitations dates and deadlines. *Id.* at 639. Increasingly distressed by his attorney's performance, Holland twice unsuccessfully asked the Supreme Court of Florida to appoint new counsel for him. *Id.* at 636-37. While in the prison library Holland discovered on his own that his state-court petition was unsuccessful in the Supreme Court of Florida, and that the § 2244 one-year limitations period had subsequently run. He filed his own § 2244 motion the very next day. *Id.* at 639.

The Supreme Court observed that the District Court had "rested its ruling ... on a lack of diligence—a ruling that respondent does not defend." *Id.* at 653. It concluded that the District Court was "incorrect," because Holland diligently pursued his rights by writing letters to the lower court and to his unresponsive attorney, and by immediately filing his own motion when he became aware of the disposition of his case. *Id.* Nevertheless, the Court remanded for a

determination of whether the facts of the case "constitute[d] extraordinary circumstances sufficient to warrant equitable relief." *Id.* at 653-54.

As noted, Wright's infective assistance of counsel claim was filed more than seven years after the applicable deadline. In my view, Wright has not shown reasonable diligence or that any extraordinary circumstances prevented him from discovering, "through the exercise of due diligence" the basis of his claims. 28 U.S.C. § 2255(f)(4). Therefore, I conclude that equitable tolling does not apply here. Accordingly, the claim for ineffective assistance of counsel is time-barred.

## C.

As noted, Wright's *Johnson* claim was timely filed. He asserts that he was denied his due process rights pursuant to *Johnson* because a "possession of cocaine charge" was used as a predicate offense in the determination of his ACCA status. ECF 34 at 4. And, according to Wright, the offense of possession of cocaine does not qualify as a "serious drug offense." *Id*. at 15.

In its Opposition, the government argues that Wright was not sentenced as an Armed Career Criminal because he illegally possessed cocaine, but rather because of three prior "serious drug offenses." ECF 37 at 3. The government also maintains that *Johnson* does not apply to Wright's case "because he was determined to be an Armed Career Criminal based on his prior serious drug offenses, not violent felonies." *Id.*

Pursuant to 18 U.S.C. § 924(e), an Armed Career Criminal is an individual who violates 18 U.S.C. § 9(c)(2)(g), and who has three prior, distinct convictions for either a violent felony or a serious drug offense, or both. By statute, a person who qualifies as an Armed Career Criminal is subject to a mandatory period of imprisonment of not less than 15 years, in

accordance with the ACCA, 18 U.S.C. § 924(e). Section 924(e)(1) of 18 U.S.C. states, in part: "In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be...imprisoned not less than fifteen years...."

At the time of Wright's State convictions, the operative law was found in Md. Code (1957 Repl. Vol., 1999, 2001 Supp.), Art. 27, § 286.[5] Section 286(a)(1) of Article 27 prohibited the felony offenses of distribution of a controlled dangerous substance ("CDS") and possession with intent to distribute CDS. The PSR reflects that Wright was previously convicted under Maryland law of three separate felony drug offenses: distribution of cocaine; unlawful manufacture of CDS (*i.e.*, heroin); and possession under Maryland law of CDS with intent to manufacture. Each of these three offenses constitutes a serious drug offense, as defined by the ACCA.

In particular, the PSR reflects a 1989 conviction for distribution of cocaine, in Case No. 5881513, in the Circuit Court for Baltimore City. *See* ECF 39, ¶¶ 26-27. In addition, the PSR reflects a 2002 conviction for the unlawful manufacture of a Controlled Dangerous Substance ("CDS"), *i.e.*, heroin, in Case No. 102066021, in the Circuit Court for Baltimore City. *Id.*, ¶ 31. The conduct occurred on February 12, 2002. *Id.*, ¶¶ 31-32. And, the PSR reflects another 2002 conviction for possession of CDS with intent to manufacture, Case No. 102141049, also in the Circuit Court for Baltimore City. ECF 39, ¶ 34. That offense involved heroin and took place on April 30, 2002. *Id.*, ¶¶ 34-35. Finally, the PSR reflects that Wright was over the age of 18 at the

---

[5] The Maryland Code was recodified in October 2002. Md. Code (2012 Repl. Vol., 2016 Supp.), §§ 5-602 and 5-608 of the Criminal Law Article ("C.L.") are the current relevant sections.

time of his arrest for each of these distinct offenses. All three of these offenses are serious and distinct drug offenses. In contrast, paragraphs 29, 30, and 33 of the PSR reflect convictions for CDS possession offenses.

Section 924(e)(2)(A) defines the term "Serious Drug Offense." As defendant's prior offenses are all under Maryland law, § 924(e)(2)(A)(ii) is relevant. It defines a serious drug offense as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"

Thus, in order to qualify as a serious drug offense, defendant's prior Maryland convictions must have prescribed a potential maximum term of imprisonment of at least ten years. Section 286(a)(1) of Article 27 prohibited the felony offenses of distribution of CDS and possession with intent to distribute CDS. Section 286(b) established various penalties, and set a penalty of imprisonment not exceeding 20 years for the first offense under § 286(a)(1), if it involved a Schedule I or Schedule II narcotic drug. Article 27 § 277(f) defined "controlled dangerous substance." The drugs that appeared on Schedule I and Schedule II were set forth in Art. 27 § 279(a) and (b). Heroin is found in Schedule I, at Art. 27 § 279(a). Cocaine is designated as a Schedule II substance. *See* C.L. § 5-403(b)(3)(iv); *see also Hurt v. State*, 2015 WL 5926870, at *4 (Md. Court of Special Appeals Sept. 4, 2015). Pursuant to these statutes, Wright was subject to potential sentences of up to twenty years for each conviction outlined above.

In view of the foregoing, *Johnson* is of no help to Wright. This is because *Johnson* invalidated as unconstitutionally vague the Residual Clause of the ACCA definition for "violent felony." *Johnson*, 135 S. Ct. at 2558. However, Wright was not found to

be an Armed Career Criminal based on prior offenses that were deemed to be violent felonies. Rather, he was determined to be an Armed Career Criminal based on three distinct, serious drug offenses.

### III.    Conclusion

For the reasons stated above, I shall DENY the Petition (ECF 32).

Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[6]  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) .  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Because petitioner has not made a substantial showing of the denial of his constitutional rights, I decline to issue a COA.

An Order follows, consistent with this Memorandum.


Date: June 8, 2017                                       _____/s/_____
                                                                        Ellen Lipton Hollander
                                                                        United States District Judge

---

[6] The denial of a COA by the district court does not preclude a petitioner from seeking a COA from the appellate court.